Argued and submitted October 21, affirmed November 23, 1994

In the Matter of the Compensation of
James J. Hinkley, Claimant.

James J. HINKLEY,
*Petitioner,*

*v.*

OREGON STATE POLICE
and SAIF Corporation,
*Respondents.*

(92-12151, 92-12150; CA A82873)

885 P2d 756

Kevin Keaney argued the cause for petitioner. With him on the brief was Pozzi Wilson Atchison.

Steven R. Cotton, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, Richardson, Chief Judge, and Leeson, Judge.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Claimant seeks review of an order of the Workers' Compensation Board, contending that the Board erred in refusing to award interest on compensation paid in installments after the lifting of a stay on payment of compensation.

In 1987 and 1990, claimant experienced compensable injuries. In January, 1992, a referee awarded claimant permanent partial disability benefits. SAIF appealed to the Board and obtained a stay of payment of the entire award pursuant to ORS 656.313(1)(a). However, in July, 1992, the Board issued an order affirming the referee. SAIF did not appeal.

ORS 656.313 provides for the stay of payment of compensation pending a request for Board review. Interest accrues on compensation that has been stayed and is ultimately found payable:

> "If ultimately found payable under a final order, *benefits withheld under this subsection* shall accrue interest at the rate provided in ORS 82.010 from the date of the order appealed from through the date of payment." ORS 656.313-(1)(b). (Emphasis supplied.)

On August 25, 1992, SAIF made a payment on the compensation due under the referee's and Board's orders. SAIF computed the total amount of compensation due to be $19,555.20 and chose, pursuant to ORS 656.216 and ORS 656.230(2), to pay the compensation in installments over 12 months, the last payment to be made in July, 1993. Claimant's counsel requested payment of interest due, and on September 4, 1992, SAIF paid claimant $1,123.49 in interest for the period of January 16, 1992, the date of the order, through September 4, 1992, the date of the interest payment. Claimant contends that, under the provisions of ORS 656.313(1)(B), he is entitled to interest each month on the remaining compensation due until the entire amount was paid in July, 1993.

We agree with the Board that benefits paid by monthly installment subsequent to the lifting of the stay are not "benefits withheld" pursuant to the stay. The insurer was required, absent application to the director by claimant under ORS 656.230(1), to pay claimant his benefits monthly, rather than in a lump sum. ORS 656.216(1); ORS 656.230(2);

OAR 436-60-060(1); OAR 436-60-150(6), (7). Claimant made no request for lump sum payment. Any amounts owed to claimant after SAIF began making monthly payments were not pursuant to the stay that issued under ORS 656.313, but a result of the statutory provisions making benefits payable in installments. We hold that permanent partial disability awards paid in installments do not constitute benefits withheld under ORS 656.313 and that interest does not accrue during the period the insurer is making installment payments.

Affirmed.